## Sailor *v.* Reamer, Appellant.

*Superior Court—Practice—Assignments of error—Rules of court.*

The appellate court will quash an appeal where the appellant's paper book does not contain an index nor a statement of the question involved, and the appendix does not contain the pleadings in full, and the certificate of the trial judge and the assignments of error do not purport to quote the portions of the charge complained of totidem verbis.

Argued April 16, 1902.   Appeal, No. 85, April T., 1902, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1900, No. 461, on verdict for plaintiff, in case of A. L. Sailor *v.* Jane H. Reamer.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Appeal quashed.

Assumpsit on a promissory note.

Verdict and judgment for plaintiff for $285.21.   Defendant appealed.

The assignments of error were as follows:

And now, to wit: November 14, 1901, W. I. Craig, attorney for defendant, makes and files the following exceptions, to wit:

1. The court erred in not affirming the first point submitted by defendant, to wit: "That under all the evidence your verdict should be for defendant."

2. The court erred in the charge to the jury in instructing the jury that as a matter of law, if the plaintiff mailed the notice of protest on Tuesday to the defendant on July 11, 1899, he exercised due diligence, and that the plaintiff was entitled to recover.

3. The court erred in not instructing the jury that if the note in question was protested on July 7, 1899, the plaintiff being the last indorser thereon was entitled to receive notice of such protest not later than Saturday, July 8, that it was then the duty of plaintiff, if it was his desire to charge the defendant on her contract as a prior indorser, to use diligence not only to learn the defendant's address, but to immediately transmit the notice of protest not later than Monday the 10th day; due diligence applies not only to the notice of protest,

· 598 SAILOR *v.* REAMER, Appellant.

Statement of Facts—Opinion of the Court. [20 Pa. Superior Ct.

but also to the ascertaining of the proper address of the indorser whom the party seeks to charge.

4. The court erred in not instructing the jury that in the absence of a known address, the note being made in the city of Pittsburg, the plaintiff would have charged all prior indorsers by mailing to the general delivery a notice of protest addressed to the prior indorser in the city of Pittsburg.

5. The court erred in not instructing the jury that if the bank failed to give notice within a reasonable time to the plaintiff, that reasonable time being that the notice of protest should have been mailed on the day of protest, then the plaintiff was discharged from his liability as last indorser on the said note, and if he voluntarily assumed the payment thereof when so discharged from liability, this discharges the prior indorser, whom he seeks to charge in this case.

6. The court erred in refusing to admit the testimony of A. C. Hays, a witness for defendant, whereby it was proposed to prove that prior to the time when the final cash payment of $107 was made by plaintiff to the maker of the note, the said A. C. Hays acting for the defendant notified the said Sailor, plaintiff, that the proceeds of this note were to be applied to the payment of a note theretofore indorsed by the defendant, and that the payment of the balance of $107 should be applied thereon, if such proof had been admitted, and if after said notice the plaintiff paid to the maker of the said note the said balance of $107, then the defendant would be entitled to a reduction on account of said note to the amount of said payment.

7. The court erred in not instructing the jury that under all the evidence of the case the defendant was discharged from her liability as indorser of said note and that the verdict should be for the defendant.

*James H. McCreery*, with him *W. I. Craig*, for appellant.

*C. C. Lee*, for appellee.

PER CURIAM, April 17, 1902:

Appeal quashed.